UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM GRAY,<br><br>              Plaintiff,<br><br>v.<br><br>DEWAYNE ARVEL SHEDD,<br><br>              Defendant. | Case No. 3:11-CV-00002-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court are the following motions: (1) Defendant's Motion to Dismiss, Dkt. 43; (2) Plaintiff's Motion to Amend, Dkt. 56; (3) Plaintiff's Motion for Summary Judgment, Dkt. 50; (4) Plaintiff's Motion for a Temporary Restraining Order, Dkt. 55; (5) Plaintiff's Motion in Limine, Dkt. 36; (6) Plaintiff's Motion Regarding Sufficiency of Answers and Objections of Defendant, Dkt. 39; (7) Plaintiff's Motion to Compel Production of Documents and Discovery, Dkt. 42; and (8) Defendant's Motion to Stay Discovery, Dkt. 44. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument. D. Idaho Loc. R. 7.1(b).

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Plaintiff, a prisoner in the custody of the Idaho Department of Correction (IDOC) and currently incarcerated at Idaho Correctional Institution in Orofino, is proceeding pro se and in forma pauperis. The Court reviewed his Amended Complaint as required by 28 U.S.C. §§ 1915 and 1915A and authorized him to proceed on his claim that Defendant Shedd, a prison paralegal, violated his constitutional right of access to the courts. (Initial Review Order, Dkt. 21 at 6.) All other claims and defendants were dismissed. (*Id.* at 8-9.)

Plaintiff alleges that he attempted to pursue a civil rights case in Idaho state court but was stymied by Defendant's actions. Plaintiff filed a civil rights complaint, Case No. CV-OC-09-07363, in Ada County Court on April 20, 2009. That case was dismissed on April 28, 2010 because Plaintiff had failed to timely serve the defendants as required by Idaho Rule of Civil Procedure 4(a)(2). (Mtn. to Dismiss, Dkt. 43-1, Ex. B.)

Plaintiff later filed this action, asserting that Defendant Shedd caused the failure of service by refusing to mail a copy of the complaint to the state court defendants by certified mail. (Am. Compl., Dkt. 18 at 18-19.) Defendant now moves for dismissal, arguing that Plaintiff did not suffer an actionable injury to his right of access to the courts because certified mailing is not an acceptable method for service of process pursuant to the Idaho Rules of Civil Procedure. (Mtn. to Dismiss at 5-8.) Plaintiff opposes the motion, arguing for the first time that the "certified mailing denial might not have been the sole cause" of his inability to bring his civil rights claims in state court. (Plaintiff's Opposition to Mtn. to Dismiss, Dkt. 49 at 2.) Plaintiff also moves to amend his complaint to allege

**MEMORANDUM DECISION AND ORDER - 2**

that Defendant Shedd refused to personally serve the state court defendants with the summons and complaint upon Plaintiff's request. (Mtn. to Amend, Dkt. 56 at 5-6.) Essentially, Plaintiff seeks leave to amend to assert claims that his case was "dismissed for lack of service, without specific distinction as to methods of service." (Plaintiff's Reply in Supp. of Mtn. to Amend, Dkt. 58 at 3.)

## DEFENDANT'S MOTION TO DISMISS

### 1.     Standard of Law

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between

**MEMORANDUM DECISION AND ORDER - 3**

possibility and plausibility of 'entitlement to relief.'" *Id*. at 557 (alteration omitted).

The Supreme Court has identified two "working principles" that underlie *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

2.   **Analysis**

As an initial matter, Plaintiff contends that Defendant's Motion to Dismiss should be construed as a motion for summary judgment because Defendant attached two documents to his Motion. (Plaintiff's Opposition at 1-2.) "However, facts subject to judicial notice may be considered on a motion to dismiss." *Mullis v. United States Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987). Under Federal Rule of Evidence 201, the Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming a motion to dismiss into a motion for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004). Defendant asks the Court to take judicial

**MEMORANDUM DECISION AND ORDER - 4**

notice of (1) the Idaho state court repository webpage and (2) the Ada County Court order dismissing Plaintiff's earlier lawsuit.

The dismissal order, found at Exhibit B to Defendant's Motion, is a proper subject of judicial notice, and the Court grants Defendant's request with respect to that Exhibit. Although the Court does not take judicial notice of the repository webpage, that does not alter the Court's ultimate conclusion in this matter. Therefore, Defendant's Motion is appropriately treated as a motion to dismiss, rather than a motion for summary judgment.

The Court now turns to Plaintiff's access to courts claim. Inmates have a constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). *Bounds* "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). Moreover, in order to demonstrate a viable access to courts claim, Plaintiff must show that he suffered an actual injury as a result of the alleged denial to access. *Id.* at 350-51. "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id*. at 351. The prisoner must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*.

As stated in Plaintiff's Amended Complaint, Plaintiff's access to courts claim against Defendant Shedd is based on one fact: Shedd's alleged refusal to send by certified mail a summons and a copy of Plaintiff's complaint in Ada County Case No. CV-OC-09-

**MEMORANDUM DECISION AND ORDER - 5**

07363 to the named defendants in that case. Plaintiff asserts that this failure of service caused the dismissal of his state case and thus violated his constitutional right to access the courts. (Am. Compl. at 18-19.)

However, Idaho Rule of Civil Procedure 4 does not authorize certified mailing as proper service of process. Service of process may be accomplished by anyone over the age of eighteen who is not a party to the action. Idaho R. Civ. P. 4(c)(1). To serve an individual, the server must "deliver[] a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house" with a person over the age of eighteen. Idaho R. Civ. P. 4(d)(2). State agencies can be served by "delivering two (2) copies of the summons and complaint to the attorney general or any assistant attorney general." Idaho R. Civ. P. 4(d)(5).

Rule 4 does not allow for service by mail. In *Murray v. Spalding*, 106 P.3d 425 (Idaho 2005), the Idaho Supreme Court addressed Rule 4 and the issue of service of process in the context of an indigent prisoner-plaintiff who had failed to serve the defendants within the six-month period as required by Rule 4(a)(2). *Id.* at 426. The prisoner-plaintiff in that case did not have enough money to pay a private process server or the sheriff. He was eventually able to serve the defendants by having a friend deliver the summons and complaint at no cost, but it was too late. *Id.* at 427. In upholding the district court's dismissal of the action for lack of timely service, the court held that the prisoner-plaintiff's indigence did not constitute good cause for his delay:

> *The district court had no authority to waive any fee*

**MEMORANDUM DECISION AND ORDER - 6**

> *that may be charged to serve the summons and complaint.*
> Since it is not the court who charges that fee, it cannot waive
> it. The district court likewise had no authority to order that
> any fees for service of the summons and complaint be paid at
> public expense. Idaho Code § 31-3220(6) provides that if the
> court finds that a person who is not a prisoner is unable to pay
> the fees for service of process in a civil lawsuit, such fees
> "shall be paid out of the district court fund of the county in
> which the action is filed." Idaho Code § 31-3220A, which
> applies to indigent prisoners, does not contain a similar
> provision. Finally, *the district court had no authority to order
> that service of the summons and complaint be accomplished
> by mail*. It could not disregard the Idaho Rules of Civil
> Procedure specifying the manner of accomplishing service.

*Id.* (emphasis added).

      The *Murray* case reaffirms Rule 4's requirement of personal service and unequivocally establishes that no state court can override Rule 4 and allow for such service of process, nor can it waive any service fee required by private process servers. For this reason, even if Defendant Shedd had sent out the Plaintiff's documents by certified mail, that mailing could not have properly accomplished service of process. Thus, Shedd's alleged failure could not have caused Plaintiff any actual injury as required by *Lewis*, 518 U.S. at 350-51.

      Plaintiff attempts to avoid dismissal by citing to IDOC Policy 405, which states that "[s]ervice on the IDOC [and other state officials] shall be made upon the deputy attorneys general assigned to the IDOC, in accordance with *applicable court rules*." (Plaintiff's Opposition at 2 and Ex. A (emphasis added).) Although it is not entirely clear, Plaintiff appears to argue that Defendant Shedd violated Policy 405 because he did not

**MEMORANDUM DECISION AND ORDER - 7**

inform Plaintiff of the "applicable court rules" regarding service of process.

Such a claim, however, is not cognizable in this action because violations of state laws or policies cannot support a § 1983 claim. *See Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994) (as long as minimum constitutional requirements are met, a prison need not comply with its "own, more generous procedures"), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Huron Valley Hosp. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989) ("[Section 1983] is thus limited to deprivations of *federal* statutory and constitutional rights. It does not cover official conduct that allegedly violates *state* law." (relying on *Baker v. McCollan*, 443 U.S. 137, 146 (1979))).

Moreover, Policy 405 clearly states that "[s]ervice rules for state court are contained in the *Idaho Rules of Civil Procedure*." (Plaintiff's Opposition, Ex. A.) Plaintiff does not contend that the Idaho Rules of Civil Procedure were not available from the prison law library. Further, when the state court dismissed his case for lack of service on April 28, 2010, it informed Plaintiff in no uncertain terms that Rule 4 "provides that a state entity may be served by *personal service* upon the attorney general or the assistant attorney general" (Mtn. to Dismiss, Ex. B (emphasis added)), and that service by mail could not be authorized because "[t]he Court cannot change the process for beginning a lawsuit." (*Id.*) And nearly a year before that, on May 14, 2009, the Clerk of the Ada County Court informed Plaintiff that service of process "will be your responsibility." (Mtn. to Amend, Dkt. 56-9, Ex. H.)

Plaintiff also contends that Defendant Shedd should have informed him of *Murray*

**MEMORANDUM DECISION AND ORDER - 8**

*v. Spalding.* (Plaintiff's Opposition at 5.) But Plaintiff misunderstands the right of access to the courts. The Constitution "does not guarantee inmates the wherewithal to transform themselves into litigating engines." *Lewis*, 518 U.S. at 355; *see also Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 856 (9th Cir. 1985) ("The Prison need not provide its inmates with a library that results in the best possible access to the courts. Rather, the Prison must provide its inmates with a library that meets minimum constitutional standards."). There is no freestanding right to legal assistance from a prison paralegal, and Plaintiff has alleged no facts that could have given rise to an obligation on the part of Defendant Shedd to search the law library for precedent that might apply to Plaintiff's claims. Under *Bounds* and *Lewis*, prisons must provide adequate assistance to inmates to ensure protection of their right of access to the courts. But they certainly do not have to provide private legal counsel to every inmate. *Lewis*, 518 U.S. at 354 ("To demand the conferral of . . . sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is effectively to demand permanent provision of counsel, which we do not believe the Constitution requires."). Defendant Shedd is not Plaintiff's private attorney, nor is he expected to be.

      Because mailing the documents to the state court defendants could not possibly have effectuated proper service under the Idaho Rules of Civil Procedure, and because the state court had no ability to authorize service by mail, Plaintiff has failed to state an actual injury to his right of access to the courts. Therefore, the Court concludes that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and must be

**MEMORANDUM DECISION AND ORDER - 9**

dismissed. *See* Fed. R. Civ. P. 12(b)(6).

## PLAINTIFF'S MOTION TO AMEND

Plaintiff asks for leave to amend his complaint. The Court should "freely give leave when justice so requires," Federal Rule of Civil Procedure 15(a)(2), and "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) (internal quotation marks omitted). In Plaintiff's Motion to Amend, he alleges that Defendant Shedd improperly refused to *personally* serve the defendants in Plaintiff's state court action. (Mtn. to Amend at 5-6.)

The Court has found no line of legal authority that could justify forcing an unwilling person to personally serve process on behalf of someone else. Rule 4 of the Idaho Rules of Civil Procedure allows any adult who is not a party to serve a complaint and summons. It does not, however, *require* any person to do so whenever he is asked. Indeed, such a requirement might run afoul of the Thirteenth Amendment's prohibition on involuntary servitude.

To the extent Plaintiff alleges that the Idaho Rules of Civil Procedure themselves or the policies of the IDOC with respect to service of process violate his right of access to the courts, Defendant Shedd is not the proper defendant for such claims. Defendant has no policymaking authority at the IDOC, and he certainly cannot override the Idaho Rules

**MEMORANDUM DECISION AND ORDER - 10**

of Civil Procedure. *See Murray*, 106 P.3d at 427. If Plaintiff wishes to bring access to courts claims against other parties, he must do so in a new lawsuit.

Because Defendant Shedd cannot be required to personally serve process on Plaintiff's behalf, the Court concludes that the deficiencies of the complaint cannot be cured by amendment. *See Schucker*, 846 F.2d at 1204. Therefore, the Court will deny Plaintiff's Motion to Amend.

All other pending motions will be denied as moot.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss (Dkt. 43) is **GRANTED**.

2. Plaintiff's Motion to Amend (Dkt. 56) is **DENIED**. Plaintiff's Amended Complaint is **DISMISSED with prejudice**.

3. Plaintiff's Motion for Summary Judgment (Dkt. 50) is **DENIED as MOOT**.

4. Plaintiff's Motion for a Temporary Restraining Order (Dkt. 55) is **DENIED as MOOT**.

5. Plaintiff's Motion in Limine (Dkt. 36) is **DENIED as MOOT**.

6. Plaintiff's Motion Regarding Sufficiency of Answers and Objections of Defendant (Dkt. 39) is **DENIED as MOOT**.

7. Plaintiff's Motion to Compel Production of Documents and Discovery (Dkt.

**MEMORANDUM DECISION AND ORDER - 11**

42) is **DENIED as MOOT**.

8. Defendant's Motion to Stay Discovery (Dkt. 44) is **DENIED as MOOT**.



DATED: **June 6, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 12**