UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM GRAY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DEWAYNE ARVEL SHEDD,<br><br>　　　　Defendant. | Case No. 3:11-CV-00002-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

On June 6, 2012, the Court dismissed Plaintiff's civil rights Complaint with prejudice for failure to show an actual injury to his right of access to the courts as required by *Lewis v. Casey*, 518 U.S. 343, 349 (1996). (*See* Memorandum Decision and Order, Dkt. 61.) Plaintiff now asks the Court to reconsider its ruling.

Although Plaintiff does not identify the authority upon which he bases his Motion, a party may request reconsideration (1) under Federal Rule of Civil Procedure Rule 59(e) by filing a motion to alter or amend the judgment, or (2) under Federal Rule of Civil Procedure 60(b) by filing a motion for relief. The Court will consider each in turn.

1.  **Legal Standards**

Reconsideration of a final judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks

MEMORANDUM DECISION AND ORDER - 1

omitted). A losing party cannot use a Rule 59(e) motion to relitigate old matters or to raise arguments that could have been raised before the entry of judgment. *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). As a result, there are four limited grounds upon which a motion for reconsideration may be granted: (1) the motion is necessary to correct manifest errors of fact or law; (2) the moving party presents newly discovered evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) there is an intervening change in the law. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may grant a party relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The last catch-all provision should only be granted "as an equitable remedy to prevent manifest injustice." *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996) (internal quotation marks omitted).

**2.     Discussion**

Precluding relief under Rule 59(e) is the lack of any manifest error of law or fact, any newly discovered or previously unavailable evidence, any manifest injustice, or any intervening change in controlling law. Contrary to Plaintiff's assertions, the Court considered all factual allegations in the light most favorable to Plaintiff (*see* Plaintiff's

MEMORANDUM DECISION AND ORDER - 2

Reply in Support of Mtn. for Recons., Dkt. 65 at 3), and its decision rested on a pure question of law—whether the state court's dismissal for lack of service under Idaho Rule of Civil Procedure 4 constituted an actual injury for purposes of Plaintiff's right of access to the courts. Although Plaintiff might disagree with some of the Court's statements, a party's simple disagreement with a court's decision does not constitute a manifest error or manifest injustice.

Precluding relief under Rule 60(b) is Plaintiff's similar failure to meet any of the grounds cited in that Rule. Plaintiff contends that the Court "misrepresented" the Complaint and seemed "to have come to the conclusion the plaintiff alleged that the State of Idaho district court failed to provide personal service." (Mtn. for Recons., Dkt. 63 at 2.) But the Court did no such thing. As explained in its dismissal Order, the Court considered Plaintiff's allegations that Defendant did not mail Plaintiff's state court complaint to the named defendants in that case and that as a result his case was dismissed for lack of proper service. Because the Idaho Rules of Civil Procedure do not allow for service by mail, and because the state court did not have the authority to accept service by mail as recognized in *Murray v. Spalding*, 106 P.3d 425, 427 (Idaho 2005), any failure by Defendant to mail the complaint could not have resulted in an actual injury. (*See* Memorandum Decision and Order, Dkt. 61 at 5-7.)

Plaintiff also repeats his argument that Defendant was required to personally serve the state court complaint on the named defendants. As pointed out by Defendant, Plaintiff never raised the issue of personal service in his Amended Complaint. (*See* Memo. in

MEMORANDUM DECISION AND ORDER - 3

Support of Mtn. to Dismiss, Dkt. 51 at 2-4; Amended Complaint, Dkt. 18 at 18-20). Even aside from that, however, the Court has found no support in the case law for the proposition that inmates can compel IDOC employees to personally serve complaints on their behalf.

Plaintiff claims that the Ninth Circuit has held that prisoners have a First Amendment right to service of their complaints by prison staff. (Mtn. for Recons. at 3.) The case he cites, however, *Benny v. Pipes*, 799 F.2d 489 (9th Cir. 1986), does not say what Plaintiff claims it does. In *Benny*, the court analyzed Federal Rule of Civil Procedure 4 and determined that prison inmates were qualified under that Rule to serve another inmate's federal complaint upon the defendants because they were over the age of 18 and were not parties to the suit. *Id.* at 493-94. *Benny* says nothing about the constitutional right of access to the courts, nor does it apply to the Idaho Rules of Civil Procedure—the rules that governed proper service of Plaintiff's state court complaint.

Plaintiff renews his contention that Defendant had a duty "under I.D.O.C. policy and existing law" to serve Plaintiff's state court complaint "according to applicable court's rules." (Reply in Support of Mtn. for Recons. at 3.) The policy to which Plaintiff refers is IDOC Policy 405, which states that "[s]ervice on the IDOC, the director, the Board, the Idaho Commission of Pardons and Parole, or any employee thereof, shall be made upon *the deputy attorneys general* assigned to the IDOC, in accordance with applicable court rules." (Plaintiff's Opp. to Mtn. to Dismiss, Ex. A, Dkt. 4202 at 2 (emphasis added).) However, this section of the policy is entitled "Service of Documents

MEMORANDUM DECISION AND ORDER - 4

Upon *Opposing Parties*" and relates to service of documents in an *ongoing* case, rather than the *initial* service of process—service of a summons and the complaint on a named defendant who is not yet a party to the case. (*Id.* (emphasis added).) Indeed, Policy 405 directs inmates to those appropriate court rules by stating, "Service rules for state court are contained in the *Idaho Rules of Civil Procedure*." (*Id.*) Those rules require initial service to be made upon the individual defendant, *not* upon the defendant's attorney. *See* Idaho R. Civ. P. 4(d). Service of documents in an ongoing case, on the other hand, "shall be made upon the attorney." Idaho R. Civ. P. 5(b). Thus, IDOC Policy 405, with its instruction to serve documents in an ongoing case upon a deputy attorney general, is beside the point. In any event, as the Court has previously explained, a state law or policy is insufficient to support an action under 42 U.S.C. § 1983, which applies only to violations of federal law:

> [V]iolations of state laws or policies cannot support a § 1983 claim. *See Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994) (as long as minimum constitutional requirements are met, a prison need not comply with its "own, more generous procedures"), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Huron Valley Hosp. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989) ("[Section 1983] is thus limited to deprivations of federal statutory and constitutional rights. It does not cover official conduct that allegedly violates state law." (relying on *Baker v. McCollan*, 443 U.S. 137, 146 (1979))).

(Memorandum Decision and Order, Dkt. 61 at 8.)

Finally, any alleged refusal by Defendant to personally serve Plaintiff's state court complaint did not leave Plaintiff without options. Rule 4 of the Idaho Rules of Civil

MEMORANDUM DECISION AND ORDER - 5

Procedure allows any person over the age of 18 to serve a complaint, and Plaintiff could have asked someone outside the prison to do so. The fact that Plaintiff might not know many such people does not grant him the right to conscript the prison paralegal. Plaintiff could also have filed his civil rights suit in federal court, where prisoners proceeding in forma pauperis are not responsible for the costs of service. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."). Having chosen to litigate in state court, he cannot now blame Defendant for the dismissal of his complaint for lack of service in accordance with the rules of that court.

Plaintiff should understand that even though he has a constitutional right of access to the courts, that right is limited. It does not guarantee him his day in court absent compliance with the applicable rules of civil procedure. Even an indigent pro se litigant must "abide by the rules of the court in which he litigates." *See Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986). It was Plaintiff's failure to do so that resulted in the dismissal of his state court case, not any action or inaction on the part of Defendant.

Plaintiff has not carried his burden to show manifest injustice or any other basis for reconsideration. Accordingly, the Court will deny the Motion for Reconsideration.

## ORDER

IT IS ORDERED:

1. Plaintiff's Motion for Reconsideration (Dkt. 63) is DENIED.

2. Plaintiff shall file nothing further in this closed case other than a notice of appeal.

**MEMORANDUM DECISION AND ORDER - 6**



DATED: **August 1, 2012**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

MEMORANDUM DECISION AND ORDER - 7